UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUAN JESUS DEL ARCO,

      Plaintiff,

v.                               Case No. 3:14cv510/LC/CJK

CORIZON, et al.,

      Defendants.

_____/

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

This matter is before the court on the filing of plaintiff's amended civil rights complaint (doc. 18).  On June 15, 2015, the undersigned entered a report recommending that this case be dismissed without prejudice based on plaintiff's failure to submit an amended civil rights complaint.  (Doc. 17).  Plaintiff has now filed the amended complaint.  (Doc. 18).  The June 15, 2015 Report and Recommendation, therefore, will be vacated.

Upon review of plaintiff's amended complaint, however, the court concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process. Plaintiff is an inmate of the Florida Department of Corrections, currently confined at Santa Rosa Correctional Institution. (Doc. 15).  Plaintiff's amended complaint names two defendants, Dr. Olugbenga Ogunsanwo and Corizon Health Services, Inc. (Doc. 18, p. 1-2).  Plaintiff claims the defendants violated his rights under the Eighth Amendment by failing to provide adequate medical care following a fall on June 25, 2014, that injured his shoulder and knee. (*Id.*, p. 5-6).  Plaintiff seeks declaratory and

injunctive relief, as well as nominal damages and "any other thing this court deems appropriate." (*Id.*, p. 7).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  On page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed."[1]  (Doc. 18, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*Id.*). At the end of plaintiff's present civil rights complaint, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 18, p. 7). Thus, plaintiff has, in effect, stated that at the time he filed his present complaint, he never had an action in federal court dismissed as frivolous.  Plaintiff's complaint was

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.  Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action.  Plaintiff disclosed no cases in response to Questions (A) and (B).  Question (C) asked plaintiff whether he had "initiated other actions (*besides those listed above in Questions (A) and (B)*) in either **state or federal court** that relate to the fact or manner of [his] incarceration (including habeas corpus petitions) or the conditions of [his] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  In response to this question, plaintiff disclosed an appeal he filed in state court.  (Doc. 18, p. 4).

signed and submitted to prison officials for mailing on June 14, 2015.  (Doc. 18, p. 1).

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated one other action that required disclosure: *Delarco v. Akhtar*, Middle District of Florida Case No. 3:10cv244-MMH-TEM, a civil rights action plaintiff initiated against two doctors employed by the FDOC, claiming they violated his constitutional rights by providing inadequate medical treatment.  That case was dismissed on July 7, 2010, as frivolous.  The case may be positively identified as having been filed by plaintiff, because it bears his FDOC inmate number, DC #443586.  Plaintiff did not disclose this prior federal action despite the complaint form's clear instructions to disclose actions initiated in federal court that were "dismissed as frivolous."[3]  (Doc. 18, p. 4).

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[3] Plaintiff did not disclose Case No. 3:10cv244-MMH-TEM on his initial complaint.  (Doc. 1, p. 4).  In addition, on both the initial and amended complaints, plaintiff failed to disclose a petition for

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[4]  (Doc. 18, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson*

---

writ of habeas corpus he filed in federal court.  *See Delarco v. Secretary, Dep't of Corrs.*, Case No. 1:10cv20217-PCH (S.D. Fla. Sept. 30, 2010).

[4] Plaintiff did not indicate he was unsure about his litigation history.  Moreover, the nature of the present claim mirrors the complaint in the non-disclosed case – plaintiff did not receive the medical treatment and attention he would have preferred.

*v. Crawson*, 5:08cv300/RS/EMT, 2010 WL 1380247 (N.D. Fla. Mar.3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is ORDERED:

1.    The undersigned's June 15, 2015 Report and Recommendation (doc. 17) is hereby VACATED.

And it is respectfully RECOMMENDED:

1.    That this action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of June, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.